UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sandra E. Spires,              ) | |
| ) | C/A No. 04:07-cv-1472 |
| Plaintiff,       ) | |
| ) | |
| vs.                             ) | **ORDER** |
| ) | Written Opinion |
| Michael J. Astrue,            ) | |
| Commissioner of Social Security,  ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), (Dist.S.C.) issued on July 28, 2008. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of the final decision of the Commissioner. The Commissioner denied Plaintiff's claims for Disability Insurance Benefits ("DIB"). The magistrate recommends affirming the decision of the Commissioner.

BACKGROUND

Plaintiff filed an application for DIB on May 12, 2003 alleging disability since March 17, 2000 due to chronic lower back pain, problems in her legs, knees, feet, neck, blood clots in her legs, with numbness and weakness. The Commissioner denied Plaintiff's application originally and on reconsideration. (Tr. 29-30) Plaintiff requested a hearing, and a hearing was held before Administrative Law Judge ("ALJ") Albert A. Reed on March 17, 2005. (Tr. 15) At the hearing, the plaintiff

amended her onset date to April 1, 2001. Following the hearing, the ALJ determined in a written opinion dated July 8, 2005, that Plaintiff was not disabled. (Tr. 15-22). The Appeals Council denied Plaintiff's request for review on May 4, 2007, rendering the ALJ's opinion the final decision of the Commissioner for purposes of judicial review. (Tr. 6-9). Plaintiff filed this civil action for judicial review on May 24, 2007.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Plaintiff filed objections to the magistrate's Report and Recommendation on August 13, 2008.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined

innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

Plaintiff proffers a single objection to the magistrate's Report and Recommendation. She asserts that the magistrate erred in his suggestion to affirm

the ALJ's finding because the plaintiff's testimony and medical evidence support her claim. In this objection, she makes three specific arguments. First, she argues that the medical evidence supports her testimony regarding her impairments. Secondly, she argues that her treating physician was not given great weight. Last, the plaintiff argues that the ALJ failed to give great weight to her employment history. Notably, these are the same arguments the plaintiff raised in her Brief in Opposition. Therefore, the magistrate has addressed each of these arguments in his Report and Recommendation.

First, the plaintiff argues that the severity of her impairments is supported by the medical evidence. Specifically, the plaintiff states that Dr. Gross, Dr. Midcap, and Dr. Parrot's assessments along with Dr. Riber's opinion support her testimony regarding the loss of the use of her back support her subjective allegations. The plaintiff does not dispute the medical evidence, and the Commissioner does not dispute that the plaintiff suffers from severe impairments. (Tr. 21). However, the plaintiff did not show that her impairments were so functionally limiting as to preclude her from performing **any** substantial gainful activity as required by the act. *See* 42 U.S.C. § 423(d)(1)(A) (emphasis added).

The ALJ found plaintiff has severe impairments that preclude her from returning to her work as a firefighter. However, she did not produce evidence that showed that she was unable to perform any work or her past work as a mail sorter or deli clerk. The evidence indicates that the plaintiff's impairments cause pain and

discomfort, but they are not disabling. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (pain is not disabling per se). On September 29, 2003, more than two years after her onset date, the plaintiff stated that she had not been placed on any work restrictions by a physician. (Tr. 99). The various x-rays, MRIs, discograms, and other test did not produce any evidence of a disabling injury. (Tr. 161, 180, 190, 194, 195, 197, 472, 507, 534). The treatment for the blood clots was not disabling and was essentially cured as stated by Dr. Riber on May 23, 2002. (Tr. 291). In her testimony, the plaintiff noted that she could go to the grocery store, do laundry, feed the dogs, lift her grandchild on good days, cook, and clean the house. (Tr. 607, 608, 615-616, 621). Additionally, she stated that she walked with a cane on occasion but failed to bring it to the hearing. (Tr. 18, 614-615). Although the ALJ cannot discredit the plaintiff's complaints based solely on his observations at the administrative hearing, the observations can be considered as a factor in her evaluation of the complaints. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999); *see also Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir.2000) (stating that the ALJ is in the best position to assess the claimant's credibility and the assessment is afforded great deference.). The plaintiff has significant impairments, but the ALJ has properly found that the pain is not disabling.

Although Doctors Gross and Midcap say she has a permeant physical impairment that precludes her from her prior work as a firefighter (Tr. 337, 50), this

does not conclusively entitle her to benefits. Dr. Midcap, Dr. Gross, nor the vocational expert never opined that she could not return to her prior work as a deli clerk or mail sorter. (Tr. 628).  Although the ALJ was not required to do so, since he found the plaintiff could return to prior work as deli clerk or mail sorter, he found that there other jobs in significant numbers in the economy that the plaintiff could perform such as a hand packer, garment folder, and assembler.  The vocational expert stated these jobs, which an individual wither her impairments could perform, existed in significant numbers in the national economy. (Tr. 20; 629-634).  The ALJ met his duty in showing that the plaintiff can perform work that exists in significant numbers in the national economy, therefore she is not disabled under the act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  The ALJ did not err in evaluating the medical evidence as he properly found that the plaintiff's impairments were not so severe as to preclude all work.

Secondly, the plaintiff argues that the magistrate erred in supporting the ALJs decision not to give Dr. Riber's opinion great weight.  Plaintiff argues that Dr. Riber's opinion should be given this great weight as he was her last treating physician and the ALJ committed reversible error in failing to do so.  The ALJ considered Dr. Riber's opinion that the pain in her back was disabling, but discredited it because "the total evidence of record does not reflect that her back impairment is of the severity as to preclude all work activity. . . Therefore, I do not give his opinion great weight."  (Tr. 21).

An ALJ is not required to give controlling weight to a treating physician's opinion. The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2) (2006); *Mastro v. Apfel*, 370 F.3d 171 (4th Cir. 2001). "If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1990). When disregarding an opinion of a treating physician, the ALJ must explain his reasons for disregarding the opinion. *DeLoatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983).

The ALJ thoroughly discussed the reasons for disregarding Dr. Riber's opinion in reference to the totality of the evidence. The ALJ reviewed the evidence and found that Dr. Parrot stated that the plaintiff reported leg and back pain; however, a MRI conducted on her back on January 31, 2001 was normal. The evidence also stated that an EMG and nerve conduction studies performed were also within normal limits. The ALJ noted improvement over time with treatment. The ALJ further stated that no other treating physician opined that the claimant was unable to work or placed restrictions on her activities. Dr. Parrot found impairments but did not conclude she was unable to work and only limited her to light duty. (Tr. 190) Dr. Parrot recommended that she not return to the fire department but that there were no activities that she was unable to perform. (Tr. 478). Dr. Midcap stated that the

plaintiff "could work in a less strenuous physical capacity." (Tr. 201). Doctors Midcap and Parrot both stated that she could not return to her past work as a firefighter, but could work in a lighter capacity. The Court finds that the ALJ did not commit error in failing to give Dr. Riber's opinion great weight since significant medical evidence to the contrary exists.

Third, plaintiff argues that the magistrate erred in failing to give great weight to the evidence regarding the Plaintiff's employment history. She argues that since she has a good employment history, her subjective complaints about her inability to work should be given greater weight. The ALJ properly considered the plaintiff's testimony and found that her subjective complaints were inconsistent with the objective medical evidence.

"In analyzing a claimant's subjective complaints, such as pain, an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir.2001) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984)). Work history and absence of objective medical evidence is also relevant. *Brown v. Barnhart*, 390 F.3d 535 (8th Cir. 2004). The ALJ agrees that the plaintiff is in pain, but does not find that the pain is as severe as she contends because of the evidence of her daily routine and the lack of objective medical evidence to support her claims of the severity of pain as discussed above

in the response plaintiff's first argument. The ALJ did consider the plaintiff's work history, which is relevant, but alone is not conclusive of credibility regarding the existence of pain. Work history is merely a factor to be considered. The Court finds this claim without merit because the ALJ made proper findings regarding the evidence.

## CONCLUSION

After a review of the magistrate's Report and Recommendation, the objections filed by Plaintiff, and the facts and record of this case, this Court finds the Report and Recommendation is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the decision of the Commissioner be AFFIRMED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August   25  , 2008